UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN APONTE,

                                    Plaintiff,

                    -against-

NEW YORK STATE,

                                    Defendant.

19-CV-8707 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order dated September 24, 2019, the Court directed Plaintiff within thirty days to either (1) submit a completed *in forma pauperis* (IFP) application and prisoner authorization or (2) pay the filing fees. ECF No. 2. After Plaintiff failed to do so, the Court dismissed the complaint without prejudice, and the Clerk of Court entered judgment on October 28, 2019. ECF Nos. 8, 9. Plaintiff filed a notice of appeal, and the Clerk of Court transmitted the case to the Court of Appeals. ECF No. 12 (notice of appeal filed on Nov. 4, 2019).

After the appeal was transmitted, the Court received a letter from Plaintiff, dated November 10, 2019, where he asks the Court to reconsider its order of dismissal and whether it "received his letter requesting 'imminent danger injury.'" ECF No. 13. Plaintiff did not attach an IFP application or a prisoner authorization to the letter.

The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and for the reasons set forth below, denies the motion.

## DISCUSSION

Because Plaintiff has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Plaintiff's motion. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party (1) files a motion under Federal Rule of Civil Procedure 60(b) within 28 days after judgment is entered, *see* Fed. R. App. P. 4(a)(4)(A)(vi), and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). That is the case even if the motion is filed the same day as the notice of appeal, *see Sankara v. City of New York*, 745 F. App'x 426, 427 (2d Cir. 2018) (holding that Court of Appeals lacked jurisdiction where party simultaneously filed notice of appeal with letter that could be construed as a motion for reconsideration under Rule 60(b), Fed. R. Civ. P.), or if it is filed after the notice of appeal, see advisory committee note to 1993 amendment ("A notice filed before the filing of one of the specified motions … is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

Plaintiff filed his letter within 28 days of entry of judgment and filed his notice of appeal before the Court disposed of that motion. The Court therefore has jurisdiction to address the motion. But the Court denies the motion because Plaintiff did not comply with the September 24, 2019 order directing him to submit an IFP application and prisoner authorization or pay the filing fees. Until Plaintiff addresses this deficiency, the case shall remain closed.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 4, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge